# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

DARRYL TYLER                                                                                          PETITIONER
Reg #60659-053

V.                                              No. 2:23-CV-38-JM-JTR

C. GARRETT, Warden,
FCI-Forrest City                                                                                      RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I.     Introduction

On February 21, 2023, Petitioner Darryl Tyler ("Tyler"), who is currently incarcerated at the Federal Correctional Institution-Low in Forrest City, Arkansas ("FCI-Forrest City"), filed this *pro se* 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus alleging that Bureau of Prisons ("BOP") incorrectly denied him First Step

Act ("FSA") time credits. On May 10, 2023, Respondent filed a Response arguing Tyler's claims lack merit because he is not entitled to the claimed time credit. *Doc. 6*. Tyler did not file a Reply. Thus, the issues are now joined and ready for disposition.

## II. Background

On September 20, 2005, the Eastern District of New York sentenced Tyler to thirty years' imprisonment for Racketeering, Conspiracy to Commit Racketeering, Conspiracy to Commit Murder, and Conspiracy to Distribute and Possess With Intent to Distribute Cocaine Base and Cocaine.[1] *Doc. 6-1*.

On January 23, 2019, Tyler pleaded guilty in the Eastern District of Arkansas to possession of a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2). This Court sentenced him to two months' imprisonment, to be served consecutively to the sentence imposed by the Eastern District of New York. *Doc. 6-3*.

On May 20, 2021, Tyler again pleaded guilty in the Eastern District of Arkansas to possession of a prohibited object in prison, in violation of § 1791(a)(2). This Court sentenced him to seven months' imprisonment to be served consecutively with the Eastern District of New York sentence and concurrently with his previous Eastern District of Arkansas sentence. *Doc. 6-5*.

---

[1] Initially, Tyler received a life sentence. Tyler appealed this sentence, and the September 20, 2005 Judgement reflects a final resentencing on remand.

On May 6, 2023, the BOP assessed that Tyler was ineligible for FSA time credits. *Doc. 6-7.* Tyler's federal habeas Petition followed. For the reasons set forth below, Tyler is not entitled to the claimed time credits, and his habeas Petition should be denied.

### III.   Discussion

On December 21, 2018, Congress enacted the FSA.  Pub. L. 115-391. In short, the FSA allows certain federal prisoners to earn time credits for participation in recidivism-reduction activities. However, certain prisoners are ineligible to receive time credits. The relevant language is reproduced below:

> § 3632. Development of risk and needs assessment system.
>
> **(d) Evidence-based recidivism reduction program incentives and productive activities rewards.**--The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows:
>
> \*\*\*
>
> **(4) Time credits.**—
>
> (A)   **In general.**--A prisoner, *except for an ineligible prisoner under subparagraph (D)*, who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
> > (i)   A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> \*\*\*

3

> (D) **Ineligible prisoners.**--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> ***
>
> (xxix) Section 1791, relating to providing or possessing contraband in prison.

18 U.S.C. § 3632 (d)(4)(A), (D) (emphasis added).

In 18 U.S.C. § 3584(c), Congress directly addressed the administration of multiple sentences: "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." As a result, when a prisoner with an undischarged sentence receives an additional term of imprisonment—such as a § 1791 sentence—that prisoner now has *multiple* sentences treated for administrative purposes as a single, aggregate term of imprisonment.

According to Tyler, his § 1791 sentences for possessing contraband in FCI-Forrest City are entirely separate sentences from his initial federal sentence imposed in New York. As a result, he contends he is entitled "to receive [time credits] earned only during the time period for which he is serving his base offense. . . He also understands that once his service begins for his phone conviction that he would, only at that time, become ineligible to earn further FSA credits because his offense-service status would have rolled over into service for an 'ineligible offense.'" *Doc. 1 at 2-3*. In making this argument, Tyler ignores the language in § 3584(c) which

requires the BOP to treat each of Tyler's three sentences as a single, aggregate term of imprisonment for administrative purposes. 18 U.S.C. § 3584(c).[2]

Recently, the Eighth Circuit has specifically addressed and rejected the argument Tyler is now making. *See Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (per curiam) (affirming denial of a similar § 2241 habeas Petition and finding that "[t]he BOP correctly treated [petitioner's] prison terms as a single aggregated sentence for all three offenses, and therefore properly denied him FSA credits"). In *Satizabal v. Edge*, No. 2:23-CV-00040-KGB-PSH, 2023 WL 5746932, at *2 (E.D. Ark. Sept. 6, 2023), the Court noted that if one of the sentences within the aggregated sentence is a disqualifying offense, the inmate is ineligible to receive FSA time credits.

In this case, Tyler is currently serving a sentence for federal felony convictions in New York that would qualify for consideration under the FSA. In contrast, his two sentences for possessing a cell phone while incarcerated in FCI-Forrest City are based on disqualifying offenses under the FSA. Section 3584(c) requires the BOP to consider both the federal sentence imposed in New York and the shorter sentences imposed for the two Class A misdemeanor convictions in Arkansas as a "single aggregate sentence." Accordingly, because disqualifying

---

[2] Although Tyler's two Arkansas sentences were imposed consecutive to his New York sentence, § 3584(c) still requires the BOP to consider all three sentences together as constituting a single aggregate term of incarceration.

offenses are contained within the aggregate sentence Tyler is serving, he is not eligible to receive FSA time credits.

## IV. Conclusion

Because the BOP correctly determined that Tyler is ineligible to receive FSA time credits, his habeas Petition should be denied.

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner Tyler's 28 U.S.C. § 2241 Petition For Writ of Habeas Corpus (*Doc. 1*) be DENIED.

Dated this 11th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE